UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-CV-00332-FDW

| TREVYLAN FLOYD MOORE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff Trevylan Floyd Moore's Motion for Summary Judgment (Doc. No. 9), filed on February 21, 2017, and Defendant Commissioner of Social Security Nancy A. Berryhill's Motion for Summary Judgment (Doc. No. 10), filed on April 19, 2017. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability insurance benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 9), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 10), and AFFIRMS the Commissioner's decision.

**I. BACKGROUND**

Plaintiff filed an application for a period of disability and disability insurance benefits on May 15, 2013, alleging a disability onset date of February 8, 2013. (Doc. No. 10 p. 134-35). After his application was denied initially and upon reconsideration (Tr. 69-72, 79-85), Plaintiff requested a hearing (Tr. 23). The hearing commenced on May 6, 2015, and on June 23, 2015, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's application. (Tr. 10-8).

1

The ALJ determined that Plaintiff was not disabled. (Tr. 18). The ALJ found that Plaintiff had not engaged in any substantial gainful activity since February 8, 2013, and that he had the following severe impairments: atrial fibrillation, cerebrovascular accident, neuropathy, deep vein thrombosis, and sleep apnea. (Tr. 12). The ALJ reviewed the listed impairments and found none of the conditions, standing alone or in combination, met or medically equaled a per se disabled medical listing under 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13). The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC") to perform less than the full range of light work with the following limitations:

> [T]he claimant can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently. He can sit for 6 hours in an 8-hour day, and stand and/or walk for 6 hours in an 8-hour day, with normal breaks. The claimant can never climb ladders, ropes or scaffolds, and he can only frequently climb ramps and stairs. He must avoid concentrated exposure to unprotected heights, and he is limited to jobs requiring only occasional peripheral acuity.

(Tr. 14). Nevertheless, in response to a hypothetical that factored in the above limitations, a Vocational Expert ("VE") testified Plaintiff was capable of performing his past relevant work as an office clerk. (Tr. 17-8). Accordingly, the ALJ concluded Plaintiff was not disabled. (Tr. 18).

Plaintiff requested review of the ALJ's decision by the Appeals Council, and the Appeals Council denied the request for review on August 9, 2016. (Tr. 1-5). Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). Plaintiff claims that the ALJ's decision is not based on proper legal standards and is not supported by substantial evidence as 42 U.S.C. § 405(g) requires.

## II.   STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether

2

substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401). If this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

### III. ANALYSIS

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. C.F.R. § 404.1520(a). The five steps are:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

3

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v).

On appeal to this Court, Plaintiff argues the ALJ improperly evaluated whether Plaintiff could perform his past relevant work at step four of the five-step sequential evaluation process. (Doc. No. 9-1). Specifically, Plaintiff contends the ALJ failed to apply the correct legal standards when he (1) included in the hypothetical question to the VE a limitation to "occasional peripheral acuity"; (2) failed to inquire about conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"); and (3) posed an internally inconsistent hypothetical question to the VE. (Doc. No. 9-1). As Defendant argues in its brief, the ALJ's decision was based on proper legal standards and is supported by substantial evidence. Accordingly, the decision is AFFIRMED.

**A. The ALJ's Hypothetical Question Properly Accounted for Limitations in Plaintiff's Field of Vision.**

At the fourth step of the sequential evaluation process, the ALJ must decide if the claimant has proven that he cannot return to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As part of the analysis, the ALJ may call upon a Vocational Expert ("VE") to provide testimony on the nature of the past work and the exertional and non-exertional requirements of that work. Thompson v. Astrue, 442 F. App'x 804, 807 (4th Cir. 2011). The ALJ then reaches his conclusions by comparing the claimant's RFC to the requirements of the past relevant work. Id. The VE's opinion "must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

In the instant case, the ALJ conducted the appropriate legal analysis required at step four. The VE testified regarding the nature of Plaintiff's past work, identifying the past job as office

4

clerk (DOT 209.562-010), and citing the appropriate entry in the DOT. (Tr. 43-4). The ALJ then asked the VE whether someone of Plaintiff's age, education, work experience, and RFC could be able to perform the office clerk position, and the VE responded affirmatively. (Tr. 44).

Plaintiff argues that among the restrictions posed to the VE as part of the RFC was a restriction not listed in the DOT: "peripheral acuity." The DOT appendix, however, contains an entry for "Field of Vision," which applies to the ability to "[o]bserve an area that can be seen . . . to right or left while eyes are fixed on a given point" (Doc. No. 9-2; see also DOT 209.562-010), and equates to the limitation on peripheral vision the ALJ included in his RFC finding and hypothetical question. The ALJ's decision to include a limitation on Plaintiff's ability to see to the left or to the right—peripherally—was consistent with the DOT, and therefore consistent with the VE's testimony that Plaintiff could still perform his past relevant work.

Plaintiff further argues the term "peripheral acuity" is not a defined vocational term in the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO") and therefore, the VE was not in accordance with the SCO as required by SSR 00-4p when he testified Plaintiff could return to his past relevant work. (Doc. No. 9-1). This argument also fails because the DOT, to which the SCO is a companion, addresses peripheral vision in the "Field of Vision" section of its appendix attached to Plaintiff's Motion. (Doc. No. 9-2). Therefore, the ALJ's RFC assessment regarding Plaintiff's "peripheral acuity" is consistent with the DOT and the SCO.

Plaintiff also argues the ALJ should have adopted VE testimony on the second hypothetical the ALJ posed, which substituted the limitation on field of vision with a limitation on near and far acuity. The ALJ's decision demonstrates that he considered and weighed the evidence, properly assessed Plaintiff's RFC, and posed a hypothetical question that incorporated all relevant work-

5

related limitations that were supported by substantial evidence. The ALJ assessed Plaintiff's RFC by asking a hypothetical question regarding "peripheral acuity." (Tr. 43-4). The ALJ discussed Plaintiff's reported reduced peripheral vision in his left eye and pointed out Plaintiff's medical records from February 2013, which indicated his left eye's uncorrected distance visual acuity was 20/70 and when corrected it was 20/40, and Plaintiff's right eye acuity was 20/20. (Tr. 14-5). The ALJ went on to note that the remainder of Plaintiff's examination was relatively normal and his intraocular pressure was well controlled. (Id). The ALJ considered Plaintiff's subjective complaints that he suffered from peripheral vision problems in his right eye when he stated, "[w]hile [Plaintiff] was noted to have some peripheral vision problems in the right eye at that time, [Plaintiff] denied any vision problems of his right eye at the time of the hearing." (Id).

Additionally, the ALJ considered Plaintiff's complaints of blurry vision in March 2015; and Plaintiff's eye examination showing "uncorrected left visual acuity of count fingers at five feet[,] a corrected left visual acuity of 20/400," and a right visual acuity of 20/20. (Tr. 16). Furthermore, the ALJ gave some weight to the claimant's mother-in-law's statements regarding Plaintiff's vision problems. (Tr. 17).

The ALJ is not required to adopt VE testimony based on limitations unsupported by substantial evidence. The ALJ's duty only requires him to ask the vocational expert about a hypothetical individual with limitations supported by evidence in the record; conversely, an ALJ need not include limitations that are not supported by the record. Walker, 889 F.2d at 50; see also Hailey v. Comm'r of Soc. Sec., 284 F. App'x 100, 104-5 (4th Cir. 2008). The ALJ accounted for Plaintiff's residual left eye vision loss and his right eye's normal visual acuity when the ALJ limited Plaintiff to jobs requiring only occasional peripheral acuity. (Tr. 17).

Accordingly, because substantial evidence supports the limitations that the ALJ both included and declined to include in his hypothetical question and RFC determination, the ALJ did not err.

**B. The ALJ's Internally Inconsistent Question to the VE and Failure to Inquire about Conflicts Was Harmless.**

When an error has no effect on the outcome of a case, and the ALJ's decision would have been the same regardless of the error, the decision should stand. Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994); see also Shineski v. Sanders, 556 U.S. 396, 401-10 (2009).

The Commissioner concedes that the ALJ did not ask the VE if his testimony was consistent with the DOT. (Doc. No. 11). To show error, Plaintiff must be able to cite to an apparent conflict between the VE's testimony regarding the office clerk job and the DOT description of that job. Indeed, the VE and DOT are in agreement: a claimant with limitations in peripheral vision can still work as an office clerk. DOT restrictions regarding "Field of Vision" for Plaintiff's past relevant work of an office clerk are not present, (DOT 209.562-010), and the VE testified that a claimant with a limitation to occasional peripheral acuity could work as an office clerk.

The ALJ's failure to inquire about conflicts with the VE was harmless because the VE's testimony is entirely consistent with the DOT. Accordingly, this harmless error provides no basis for remand.

The Commissioner also concedes that the ALJ included in his hypothetical question both a restriction to occasional climbing of ropes, ladders, or scaffolds, and a restriction to no climbing of ropes, ladders, or scaffolds. (Doc. No. 11). Plaintiff argues this error prejudiced his case; however, the DOT's job description for office clerk does not require any degree of climbing of ropes, ladders, or scaffolds. DOT 209.562-010. Indeed, the VE's testimony regarding work of an office clerk would not have been different depending on the extent of Plaintiff's ability to climb

7

ropes, ladders, or scaffolds. Therefore, the ALJ's internally inconsistent question was harmless error. Accordingly, the error provides no basis for remand.

## IV. CONCLUSION

In sum, the Court is satisfied that the ALJ applied the correct legal standards and that substantial evidence supports his decision. The Court hereby GRANTS Defendant's Motion for Summary Judgment (Doc. No. 10); DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 9); and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

Signed: August 4, 2017

Frank D. Whitney
Chief United States District Judge